UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

                         :

UNITED STATES OF AMERICA

                         :

        - v. -

                         :

BRUNO KRASNIQI,
SAIMIR KRASNIQI,
    a/k/a "Sammy,"
ELTON SEJDARIS,
    a/k/a "Tony,"
ERKLIANT SULA,
ALMIR RRAPO,
    a/k/a "Miri,"
SHKELZEN BALIDEMAJ,
PLAURENT CELA,
SKENDER CAKONI,
    a/k/a "Neri,"
VISI LNU,
GENTIAN CARA,
ALBERT TAMALI,
    a/k/a "Berti,"
    a/k/a "Daniel Weiss,"
MARJAN TAMALI,
GJOVALIN BERISHA,
    a/k/a "Cuz,"
DUKAJIN NIKOLLAJ,
    a/k/a "Duke,"
NAZIH NASSER,
    a/k/a "Naz,"
GENTIAN NIKOLLI,
    a/k/a "Genti,"
JOANNA PAKULSKI,

       Defendants.

- - - - - - - - - - - - - - - - - - x

ORIGINAL

# 10 CRIM ‑ 464

<u>SUPERSEDING
INDICTMENT</u>

S3 10 Cr.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-27-10

**COUNT ONE**

The Grand Jury charges:

<u>THE ENTERPRISE</u>

1.     At all times relevant to this Indictment, in the Southern District of New York and elsewhere, BRUNO KRASNIQI, SAIMIR KRASNIQI, a/k/a "Sammy," ELTON SEJDARIS, a/k/a "Tony," and ALMIR RRAPO, a/k/a "Miri," the defendants, and others known and unknown, were members and associates of an organized criminal enterprise led by BRUNO KRASNIQI and SAIMIR KRASNIQI, a/k/a "Sammy" (the "Krasniqi Organization").  The Krasniqi Organization was a criminal organization whose members and associates have engaged in numerous crimes, including narcotics trafficking, kidnapping, extortion, robbery, and the interstate transportation of stolen goods.

2.     The Krasniqi Organization, including its leadership, its membership, and its associates, constituted an "enterprise," as that term is defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity, which was engaged in, and the activities of which affected, interstate and foreign commerce.  The Krasniqi Organization was an organized criminal group based in Staten Island and Queens, which operated in the Southern and Eastern Districts of New York, the Eastern District of Michigan, the District of Connecticut, and elsewhere.  The

2

Krasniqi Organization constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

<u>THE DEFENDANTS</u>

3.    At all times relevant to this Indictment, BRUNO KRASNIQI, SAIMIR KRASNIQI, a/k/a "Sammy," ELTON SEJDARIS, a/k/a "Tony," and ALMIR RRAPO, a/k/a "Miri," the defendants, were members and associates of the enterprise, the Krasniqi Organization, and participated in the operation and management of the enterprise.  Under the direction of the leaders of the enterprise, the defendants participated in unlawful and other activities in furtherance of the conduct of the enterprise's affairs, including, among other things, narcotics trafficking, kidnappings, assaults, extortions, robberies, and the interstate transportation of stolen goods.

<u>PURPOSES OF THE ENTERPRISE</u>

4.    The purposes of the Krasniqi Organization included the following:

a.    Enriching the leaders, members and associates of the Krasniqi Organization through criminal activities;

b.    Preserving, protecting, and augmenting the power, territory and financial profits of the Krasniqi Organization, its leaders, members and associates, through the

use of intimidation, violence, and threats of physical and economic harm; and

c. Keeping victims and citizens in fear of the Krasniqi Organization, its leaders, members and associates by committing and threatening to commit physical violence and by causing and threatening to cause economic harm.

<u>VIOLENT CRIME IN AID OF RACKETEERING</u>

5. At all times relevant to this Indictment, the Krasniqi Organization, as more fully described in Paragraphs 1 through 4 of this Indictment, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, although not a legal entity, which was engaged in, and the activities of which affected, interstate and foreign commerce.

6. At all times relevant to this Indictment, the above-described enterprise, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving kidnapping, in violation of the New York State Penal Law and Michigan Penal Law; acts involving extortion, in violation of the New York State Penal Law and Michigan Penal Law; acts indictable under Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(B), and 846 (involving the sale and distribution of controlled substances); acts indictable under

4

Title 18, United States Code, Section 1951 (involving the
interference with commerce by robbery and/or extortion); and acts
indictable under Title 18, United States Code, Section 2314
(involving the interstate transportation of stolen property).

7.    In or about June 2005, in the Southern District of
New York, the Eastern District of New York, and elsewhere, for
the purpose of gaining entrance to and maintaining and increasing
position in the Krasniqi Organization, an enterprise engaged in
racketeering activity, BRUNO KRASNIQI, SAIMIR KRASNIQI, a/k/a
"Sammy," ELTON SEJDARIS, and ALMIR RRAPO, a/k/a "Miri," the
defendants, and others known and unknown, unlawfully, willfully
and knowingly kidnapped, and aided and abetted the kidnapping of,
a rival drug dealer ("Victim-1"), in violation of New York State
Penal Law, Sections 135.20 and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT TWO

The Grand Jury further charges:

8.    In or about June 2005, in the Southern District of
New York, the Eastern District of New York, and elsewhere, BRUNO
KRASNIQI, SAIMIR KRASNIQI, a/k/a "Sammy," ELTON SEJDARIS, and
ALMIR RRAPO, a/k/a "Miri," the defendants, unlawfully, willfully,
and knowingly, during and in relation to a crime of violence for
which they may be prosecuted in a court of the United States,
namely, the offense charged in Count One of this Indictment, did

5

use and carry firearms, and, in furtherance of such crime, did possess firearms, which were brandished, and did aid and abet the use, carrying, and possession of such firearms, to wit, the defendants possessed and brandished multiple handguns during the course and in furtherance of the kidnapping of Victim-1, charged in Count One of this Indictment.

(Title 18, United States Code, Sections
924(c)(1)(A)(ii) and 2.)

**COUNT THREE**

The Grand Jury further charges:

9. From at least in or about 2003, up to and including in or about 2007, in the Southern District of New York and elsewhere, BRUNO KRASNIQI, SAIMIR KRASNIQI, a/k/a "Sammy," ERKLIANT SULA, ALMIR RRAPO, a/k/a "Miri," SHKELZEN BALIDEMAJ, PLAURENT CELA, SKENDER CAKONI, a/k/a "Neri," VISI LNU, GENTIAN CARA, ALBERT TAMALI, a/k/a "Berti," a/k/a "Daniel Weiss," MARJAN TAMALI, GJOVALIN BERISHA, a/k/a "Cuz," DUKAJIN NIKOLLAJ, a/k/a "Duke," NAZIH NASSER, a/k/a "Naz," GENTIAN NIKOLLI, and JOANNA PAKULSKI, the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

10. It was a part and an object of the conspiracy that BRUNO KRASNIQI, SAIMIR KRASNIQI, a/k/a "Sammy," ERKLIANT SULA, ALMIR RRAPO, a/k/a "Miri," SHKELZEN BALIDEMAJ, PLAURENT CELA,

6

SKENDER CAKONI, a/k/a "Neri," VISI LNU, GENTIAN CARA, ALBERT

TAMALI, a/k/a "Berti," a/k/a "Daniel Weiss," MARJAN TAMALI,

GJOVALIN BERISHA, a/k/a "Cuz," DUKAJIN NIKOLLAJ, a/k/a "Duke,"

NAZIH NASSER, a/k/a "Naz," GENTIAN NIKOLLI, and JOANNA PAKULSKI,

the defendants, and others known and unknown, would and did

distribute and possess with intent to distribute a controlled

substance, in violation of 21 U.S.C. § 841(a).

11.    The controlled substance involved in the offense

was 100 kilograms and more of mixtures and substances containing

a detectable amount of marijuana, in violation of Title 21,

United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Section 846.)

## COUNT FOUR

The Grand Jury further charges:

12.    From at least in or about 2003, up to and

including in or about 2007, in the Southern District of New York,

the Eastern District of New York, and elsewhere, BRUNO KRASNIQI,

SAIMIR KRASNIQI, a/k/a "Sammy," ELTON SEJDARIS, and ALMIR RRAPO,

a/k/a "Miri," the defendants, unlawfully, willfully, and

knowingly, during and in relation to a drug trafficking crime for

which they may be prosecuted in a court of the United States,

namely, the narcotics offense charged in Count Three of this

Indictment, did use and carry firearms, and, in furtherance of

such crime, did possess firearms, which were brandished, and did

7

aid and abet the use, carrying, and possession of such firearms, to wit, the defendants possessed and brandished firearms during the course of and in furtherance of their marijuana trafficking, charged in Count Three of this Indictment.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.)

## COUNT FIVE

The Grand Jury further charges:

13. In or about June 2005, in the Southern District of New York, the Eastern District of New York, and elsewhere, BRUNO KRASNIQI, SAIMIR KRASNIQI, a/k/a "Sammy," ELTON SEJDARIS, a/k/a "Tony," and ALMIR RRAPO, a/k/a "Miri," the defendants, and others known and unknown, unlawfully, willfully, and knowingly, did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, the defendants conspired to rob marijuana and the proceeds of marijuana distribution from a marijuana supplier.

## Overt Acts

14.   In furtherance of the conspiracy and to effect the illegal object thereof, the following acts, among others, were committed in the Southern District of New York and elsewhere:

a.   In or about June 2005, BRUNO KRASNIQI, the defendant, obtained a multi-kilogram load of marijuana from a co-conspirator not named as a defendant herein ("CC-1") and PLAURENT CELA, the defendant.

b.   A few days later in June 2005, BRUNO KRASNIQI, SAIMIR KRASNIQI, ELTON SEJDARIS, and ALMIR RRAPO, the defendants, threatened CC-1 and CELA with firearms when CC-1 and CELA demanded re-payment for the marijuana.

(Title 18, United States Code, Section 1951.)

## COUNT SIX

The Grand Jury further charges:

15.   In or about June 2005, in the Southern District of New York, the Eastern District of New York, and elsewhere, PLAURENT CELA, SKENDER CAKONI, a/k/a "Neri," and VISI LNU, the defendants, unlawfully, willfully, and knowingly, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the offense charged in Count Three of this Indictment, did use and carry a firearm, and, in furtherance of such crime, did possess a

firearm, to wit, the defendants and other co-conspirators
obtained and possessed firearms to protect their narcotics
business and intended to use those firearms in retaliation for
the robbery of narcotics and narcotics proceeds by members of the
Krasniqi Organization, as charged in Count Five of this
Indictment.

(Title 18, United States Code, Sections
924(c)(1)(A)(ii) and 2.)


FOREPERSON

PREET BHARARA
United States Attorney

10